UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No.  1:09-cr-00093-LJM-DKL-1 |
| | ) | |
| LARUE HENRY PURRY | ) | |
| | ) | |
| Defendant. | ) | |

## Magistrate Judge's Report and Recommendation

This matter is before the undersigned according to the Order entered by the Honorable Larry J. McKinney on April 15, 2013, directing this magistrate judge to conduct a hearing on the Petition for Warrant or Summons for Offender Under Supervision ("Petition") filed with the court on April 10, 2013, and to submit proposed Findings of Fact and Recommendation for disposition under 18 U.S.C. §§ 3401(i) and 3583(e).  All proceedings were held on April 15, 2013, in accordance with Rule 32.1 of the *Federal Rules of Criminal Procedure*.[1]

On April 15, 2013, defendant Larue Henry Purry appeared in person with his appointed counsel, Gwen Beitz.  The government appeared by Cynthia Ridgeway, Assistant United States Attorney.  The United States Probation Office ("USPO") appeared by Officer Jason Phillips.

---

[1] All proceedings were recorded by suitable sound recording equipment unless otherwise noted.  *See* 18 U.S.C. § 3401(e).

The court conducted the following procedures in accordance with *Federal Rule of Criminal Procedure* 32.1(a)(1) and 18 U.S.C. § 3583:

1. The court advised Mr. Purry of his right to remain silent, his right to counsel, and his right to be advised of the charges against him.

2. A copy of the Petition was provided to Mr. Purry and his counsel, who informed the court they had reviewed the Petition and that Mr. Purry understood the violations alleged. Mr. Purry waived further reading of the Petition.

3. The court advised Mr. Purry of his right to a preliminary hearing and its purpose in regard to the alleged violations of his supervised release specified in the Petition.

4. Mr. Purry stipulated that there is a basis in fact to hold him on the specifications of violations of supervised release numbered 1, 2, and 4 as set forth in the Petition. The United States moved to dismiss specification of violation number 3 in the Petition, and the court granted the motion. Mr. Purry waived preliminary hearing.

5. The court advised Mr. Purry of his right to a hearing on the Petition and of his rights in connection with a hearing.

6. Mr. Purry, by counsel, stipulated that he committed Violation Numbers 1, 2, and 4 set forth in the Petition as follows:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **"The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician."** |
| 2 | **"The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered."** |

   As previously reported to the Court, the offender submitted a urine sample on November 21, 2011, which tested positive for morphine. He admitted obtaining and using morphine illegally. Additionally, though Mr. Purry had a valid prescription for Hydrocodone, based on prescription reports and his own admission, his use far exceeded what his physician prescribed.

   As previously reported to the Court, on January 29 and February 12, 2013, Mr. Purry tested positive for opiates. The specimens were forwarded to Alere Laboratory which confirmed the presence of morphine. The offender admitted snorting heroin.

   Mr. Purry submitted urine samples on March 8 and 21, 2013, which tested positive for opiates. Mr. Purry admitted using heroin.

| | |
|---|---|
| 4 | **"The defendant shall reside at a community corrections center for up to 180 days and shall observe the rules of the facility."** |

   On March 31, 2013, the offender was transported via ambulance to Wishard Hospital for complications associated with detoxification. He was released from the hospital at 12:28 p.m. and returned to the Volunteers of America (VOA) at 3:32 p.m. After speaking with Mr. Purry, he admitted using heroin after he left the hospital, and thus the reason for his delay in returning to the VOA.

>Due to extreme issues accompanying withdrawal, it was arranged for Mr. Purry to enter The Salvation Army Harbor Light Center detoxification program. He entered Harbor Light on April 3, 2013, and left on his own accord April 5, 2013, at 8:30 p.m.  He did not return to the VOA until April 7, 2013, at approximately 10 p.m. Upon his return, he told VOA staff he was released April 7, 2013, from Harbor Light.

7. The court placed Mr. Purry under oath and directly inquired of Mr. Purry whether he admitted the violations of his supervised release as set forth above.  Mr. Purry admitted the above violations specified in numbers 1, 2, and 4.

8. Counsel for the parties and the USPO further stipulated to the following:

   a) Mr. Purry has a relevant criminal history category of II (U.S.S.G. § 7B1.4(a)).

   b) The most serious grade of violation committed by Mr. Purry constitutes a Grade B violation (U.S.S.G. § 7B1.1(b)).

   c) According to U.S.S.G. § 7B1.4(a), upon revocation of supervised release, the range of imprisonment applicable to Mr. Purry is 6-12 months.

   d) The appropriate disposition of the case would be as follows:  (a) Mr. Purry's supervised release should be revoked; (b) Mr. Purry should be sentenced to a term of imprisonment of 8 months at the Bureau of Prisons with no supervised release to follow and that the court should recommend that Mr. Purry be incarcerated at the Bureau of Prisons facility in Terre Haute, Indiana; and (c) Mr. Purry must participate in a substance abuse program while incarcerated.

The court, having heard the admissions of the defendant, the stipulations of the parties, and the arguments and position of each party and the USPO, **NOW FINDS** that the defendant LARUE HENRY PURRY violated the above-specified conditions 1, 2, and 4 in the Petition and that the disposition to which the parties and the USPO have agreed is appropriate.  The defendant's supervised release is therefore **REVOKED** as follows:

  (a)  Mr. Purry's supervised release is REVOKED;

  (b)  Mr. Purry is sentenced to the custody of the Attorney General or his designee for a period of 8 months with no supervised release to follow. The court recommends that Mr. Purry be incarcerated at the Bureau of Prisons facility in Terre Haute, Indiana; and

  (c)  Mr. Purry must participate in a substance abuse program while incarcerated.

Counsel for the parties and Mr. Purry stipulated in open court waiver of the following:

1.  Notice of the filing of the Magistrate Judge's Report and Recommendation;

2.  Objection to the Report and Recommendation of the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §636(b)(1)(B).

Counsel for the parties and Mr. Purry entered the above stipulations and waivers after being notified by the magistrate judge that the district court may refuse to accept the stipulations and waivers and conduct a revocation hearing and/or may reconsider the magistrate judge's Report and Recommendation, including making a *de novo* determination of any portion of it.

WHEREFORE, the magistrate judge **RECOMMENDS** the court adopt the above recommendation revoking LARUE HENRY PURRY's Supervised Release.

IT IS SO RECOMMENDED.


Date: 04/19/2013

                   *Debra McVicker Lynch*
                   Debra McVicker Lynch
                   United States Magistrate Judge
                   Southern District of Indiana

Distribution:

Cynthia Ridgeway
Assistant United States Attorney
10 West Market Street, #2100
Indianapolis, IN 46204

Gwen Beitz
Office of the Indiana Federal Community Defender
111 Monument Circle, #752
Indianapolis, IN 46204

United States Probation Office

United States Marshal